IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 1:06-cr-11-MEF |
| | ) | |
| TED DEWAYNE STEPHENS | ) | |

RESPONSE TO MOTION TO SUPPRESS

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and in response to the motion to suppress filed by the Defendant herein, the following is submitted:

1. Ted Dewayne Stephens was charged in a three count indictment with being a felon in possession of a firearm with each count alleging possession of a single firearm with each possession being on a different date.

2. On May 9, 2005, the indictment alleges the Defendant possessed a loaded .38 caliber revolver. On that occasion, Dothan Police were dispatched to the rear of Four Stop Inn in reference to drug activity involving a green SUV. When the officers reached the scene, they observed a teal colored Chevrolet Suburban with a black male sitting in the passenger seat as the only occupant of the vehicle. As the officers approached the vehicle they observed the occupant, Stephens, place an object on his left side. When the officers asked the Defendant to step out of the vehicle, he attempted to reach for the object and the officers pulled him out of the vehicle. A search of the area revealed the .38 caliber revolver loaded with five rounds. The Defendant admitted he owned the pistol.

3. Here, the police officers were dispatched to investigate reported illegal drug activity. Once at the scene, they observed a vehicle which matched the reported description. Upon approaching the occupant, they observed suspicious activity. Certainly, they had ample reasonable suspicion to further investigate and when the Defendant reached for the unknown object, the officers were justified in taking action to protect themselves. A police officer may in appropriate circumstances and an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest. Terry v. Ohio, 392 U.S. 1, 22, 88 S.Ct. 1868, 20 L.Ed. 889 (1968). The seizure of the firearm was the result of the investigation and was not a violation of the Defendant's rights.

4. On August 6, 2005, Dothan vice units were conducting surveillance at a pool hall for illegal drug activity when they observed a red pick-up truck. The truck left the area and vice units followed the vehicle, eventually activating emergency lights to initiate a traffic stop. The driver parked the truck and an unknown black male fled from the rear passenger door area of the truck. Officers pursued the subject on foot and saw the subject look back at the officers and stick his right hand into the waistband of his pants. Officers were concerned the subject might have a weapon so they deployed a taser to subdue him. The subject was the Defendant and he was found to have had a .38 caliber revolver in his hand that was fully loaded. The officers were justified in pursuing the fleeing subject and to deploy the taser for their protection once they had reason to believe the subject was reaching for a weapon.

5. On November 23, 2005, a Dothan Police Officer attempted to make a traffic stop for failure to stop at a stop sign. The vehicle did not stop and a traffic pursuit began. The vehicle eventually stopped and the driver jumped out of the vehicle and ran, pursued by the police officer.

The subject, Defendant Stephens, was found hiding on the ground and yet another .38 caliber revolver was found inside his shirt on the ground beside him. He had been wearing the shirt during the foot pursuit. Here, a lawful traffic stop resulted in a foot pursuit and apprehension. Defendant's rights have not been violated.

Wherefore, premises considered, the United States submits that the motion to suppress is due to be denied.

Respectfully submitted this the 5th day of April, 2006.

                LEURA GARRETT CANARY
                UNITED STATES ATTORNEY

                /s/ Kent B. Brunson
                KENT B. BRUNSON
                Assistant United States Attorney
                One Court Square, Suite 201
                Montgomery, Alabama 36104
                Telephone: (334) 223-7280
                Fax: (334) 223-7135
                E-mail: kent.brunson@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 1:06-cr-11-MEF |
| | ) | |
| TED DEWAYNE STEPHENS | ) | |

CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: James Robert Cooper, Jr.

Respectfully submitted,

LEURA GARRETT CANARY
UNITED STATES ATTORNEY


/s/ Kent B. Brunson
KENT B. BRUNSON
Assistant United States Attorney
Bar Number: ASB-3094-U62K
One Court Square, Suite 201
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Fax: (334) 223-7135
E-mail: kent.brunson@usdoj.gov